**MARVELL v. DISASTER LOAN CORPORATION.**

No. 3853.

Circuit Court of Appeals, First Circuit.

April 1, 1943.

Henry J. Field and John P. Leary, both of Greenfield, Mass., for appellant.

John G. Murphy, of Boston, Mass., for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

The report of the special master in this case, based on the evidence before him and made final both by stipulation of the parties and by the order of court appointing the master, furnishes ample ground for the finding and conclusion by the district court that the plaintiff was not entitled to recover.

The plaintiff's intestate, first mortgagee of the timberland of a corporation of which he was director and former president, and in close touch with its affairs, approved a lumbering operation by the corporation involving the borrowing of some necessary capital. The money was borrowed from the defendant on a mortgage of the severed timber. The business was carried out as planned, the timber manufactured and sold and the defendant's mortgage debt reduced from the proceeds of the sales. The district court properly held that the defendant was under no liability to the plaintiff for the value of the lumber. Neither the corporation which gave the mortgage nor the defendant as mortgagee did anything to which the plaintiff's intestate objected. He acquiesced in a salvaging operation as being beneficial to the corporation of which he was a stockholder and director. He had no right of action against either the corporation or the agency from which it borrowed the funds to carry on the business, under the circumstances described in the report.

The plaintiff relies upon a conversion, but none appears from the facts. The defendant, as second mortgagee, never attempted to take possession of the mortgaged property or to exercise any dominion over it to the exclusion of the first mortgagee. The mere receipt of proceeds from

the sale by the mortgagor did not constitute a conversion. Polley v. Lenox Iron Works, 2 Allen, Mass., 182; Varney v. Curtis, 213 Mass. 309, 100 N.E. 650, L. R.A.1916A, 629, Ann.Cas.1914A, 340; Burnside v. Twitchell, 43 N.H. 390, 392.

The judgment of the District Court is affirmed with costs.